**Medhat Kamel Fahmi ZAKHARI,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General,[1] Respondent.**

No. 08–2662–ag.

United States Court of Appeals,
Second Circuit.

June 26, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

708

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle G. Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Medhat Kamel Fahmi Zakhari, a native and citizen of Egypt, seeks review of the May 1, 2008 order of the BIA denying his motion to reopen. *In re Medhat Kamel Fahmi Zakhari*, No. A76 116 437 (B.I.A. May 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA may properly deny a motion to reopen because of a movant's failure to establish a prima facie case for the underlying substantive relief sought or where it determines that, even if petitioner were eligible for asylum, he or she would not be entitled to a discretionary grant of relief. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). We find that the BIA did not abuse its discretion in denying Zakhari's motion to reopen for failure to establish prima facie eligibility for relief.[2]

As an initial matter, we find it within the BIA's "broad discretion" to consider Zakhari's delay in filing his motion, where the most recent background document he submitted with his February 2008 motion was a May 2006 report, to be an "adverse discretionary factor." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored ... This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted).

Further, we find the BIA did not abuse its discretion in finding that Zakhari failed to establish prima facie eligibility for relief based on his personal affidavit that his family was threatened and harassed "to intimidate them into revealing [his] whereabouts" in 2000 and 2001. *See Poradisova v. Gonzales*, 420 F.3d 70 (2d Cir.2005). In the underlying proceedings, the agency found that Zakhari faced a threat of a personal nature rather than on account of a protected ground. Zakhari declined to challenge that determination and failed in his motion to reopen to differentiate the threat that his family allegedly faced in 2000 and 2001 from that which the agency previously found to be an inadequate basis for a claim for relief.

Finally, we find that the BIA acted within its discretion in finding that Zakhari

---

2. We note that, while Zakhari's motion was his second such motion and filed well beyond the 90-day deadline, the BIA did not apply the time or number limitations in denying the motion. *See* 8 C.F.R. § 1003.2(c)(2). Accordingly, for the sake of analysis, we consider this a motion to reopen proceedings to apply for asylum based on evidence of changed circumstances arising in the country of nationality that is material and was not available at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii).

failed to demonstrate "that there is a pattern and practice of persecution of Coptic Christians in Egypt at this time." While Zakhari argues that the BIA "failed to engage in a meaningful discussion of [his] evidence," we have rejected the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted). Moreover, Zakhari's evidence does not indicate that conditions have worsened since his September 2000 merits hearing, when the agency found insufficient evidence to demonstrate a pattern and practice of persecution of Christians in Egypt. *See Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006).

Because there is nothing in the record that indicates that the BIA acted arbitrarily or capriciously in finding that Zakhari failed to establish prima facie eligibility for relief, it did not abuse its discretion in denying his motion to reopen. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.